UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                          )
                                               )  Case No. _____
                                               )
                                               )
                                               )  NOTICE OF ***POST***-CONFIRMATION
                                               )  AMENDMENT OF PLAN
                                               )
Debtor(s)                                      )

The proponent, who is _____, [i.e., debtor; trustee; or creditor (also state type of claim and any business name)] and whose name and address are: _____
_____, by and through the undersigned certifies that:

1. An original amended plan dated _____ was attached to the original of this Notice AND has been filed with the Clerk of Court.

2. The confirmed plan, dated _____, shall remain in full force and effect unless the amended plan becomes the plan.

3. The trustee's name and address are: _____
   _____.

4. *(IF proponent is the DEBTOR, CHECK ONE of the following two options)*     Attached, and verified as true and correct, are updated versions of Schedules A (including present amount of any secured debt on property), B, I, J AND a copy of the latest real property tax assessment statement; OR    The trustee has waived the requirement of updated Schedules A, B, I, J and a copy of the latest real property tax assessment. Debtor will provide those documents promptly upon request by any interested party and/or the court.

5. PRIOR to filing this plan with the Clerk, a separate summary of the amendments, a copy of the plan, all schedules and statements required by paragraph 4 above, and any other pertinent information were served on the trustee who either: (a) approved the plan affirmatively or by silence by failure to notify proponent of his objection within 14 days of the date it was served on him, or (b) requested amendments which were unacceptable to the proponent.

6. On _____ copies of this Notice AND the amended plan described above were served on the debtor(s); any debtor's attorney; trustee; U.S. Trustee; and all creditors (or if original time to file claims has expired, only on creditors who filed claims and entities that filed a request to receive all case notices).

Date: _____  _____
                 Signature, Relation to Proponent, **AND** Proponent's Contact Phone #
                 _____
                 (If debtor is proponent) Debtor's Address (unless shown above) **&** Taxpayer ID#(s) (last 4 digits)

**NOTICE IS GIVEN THAT** the amended plan described above shall become the plan, pursuant to 11 USC §1329(b) if a Ch. 13 case or 11 USC §1229(b) if a Ch. 12 case, unless within 21 days of the service date in paragraph 6 above the trustee or other interested party BOTH: (1) files written objections, setting forth the specific grounds for objection, with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 S.W. 5th Ave. #700, Portland OR 97204; OR, if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401), AND (2) serves copies thereof on the proponent AND the trustee named in paragraph 3 above. The terms of the previously entered Confirmation Order shall continue to apply except to the extent such terms are inconsistent with the amended Plan.

                                               CLERK, U.S. BANKRUPTCY COURT

1355.10 (5/1/09)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                              )
                                   )  Case No. _____
                                   )    (NOTE:  If blank, Case No. will be
                                   )    on the Meeting of Creditors Notice)
                                   )
                                   )  **CHAPTER 13 PLAN DATED** _____
Debtor(s)                          )  **MOTION TO VALUE COLLATERAL**
                                      **MOTION TO AVOID LIENS**
                                      **SECURED CLAIM AMOUNT LIMITED WITH CREDITOR CONSENT**
                                      [*MARK* above *IF* applicable]

1. The debtor shall pay to the trustee (a) a periodic payment of $_____
   every_____(insert either month or quarter); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor, all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) received during:    The life of the plan, or     36 or     60 months from the date the first plan payment is due *(Check the applicable provision; if neither is checked, "for the life of the plan" applies)*; (d) a lump sum payment of $_____on or before _____(date); and (e)_____
   _____.
   Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon motion of the trustee granted by the court after appropriate notice, a wage deduction order to debtor's employer may be issued immediately.

2. The trustee shall apply all funds received pursuant to pt. 1 as follows:
   (a) First, to the trustee's commission and expenses.
   (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided in this plan or in the confirmation order.  Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under §1328, as appropriate.  Any allowed secured claims will be paid as shown below.  Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata.

   (1) If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e) and (f) if the claim identifies the priority position of the claim, and, if not, under the provisions of pt. 2(f) only. HOWEVER, THE CLAIMS OF CREDITORS SECURED BY PURCHASE MONEY SECURITY INTERESTS IN (i) A MOTOR VEHICLE ACQUIRED FOR PERSONAL USE BY THE DEBTOR(S) WITHIN 910 DAYS PRECEDING THE FILING DATE OF THE PETITION, OR (ii) ANY OTHER PERSONAL PROPERTY COLLATERAL ACQUIRED WITHIN ONE (1) YEAR PRECEDING THE FILING DATE OF THE PETITION SHALL BE TREATED AS FULLY SECURED except as provided in pt. (b)(2) below, if applicable.  The following also apply:

   From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below.  ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW. THE ARREARAGES SHOWN IN A TIMELY FILED AND ALLOWED SECURED CLAIM SHALL CONTROL.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-confirmation Interest Rate | Equal Monthly Payments |
|---|---|---|---|---|---|---|
| | | | | | | |

**If the collateral is not to be sold, and the provisions in capital letters above governing claims of creditors with purchase money security interests in personal property do not apply, the value of the collateral, where the debtor is not paying the debt in full, shall be fixed in the amount stated above for purposes of administration of this plan as**

1300.05 (12/1/12)  **Page 1 of 4**              [**NOTE**: Printed text may **NOT** be stricken!]

well as for purposes of determining the amount of any secured claim, if undersecured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case the value will be determined by the court.  If the collateral is to be sold, the value shall be the sales price.  The debtor MOVES the court for an order so fixing the value of the collateral.  Otherwise, the creditor's proof of claim shall control.

**(2)** **DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW AGREE TO THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF CREDITOR(S).  FAILURE OF CREDITOR TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN.**

From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below.  ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-confirmation Interest Rate | Payment Provisions |
|---|---|---|---|---|---|---|
| | | | | | | |

**If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above unless creditor objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case the value will be determined by the court.  The debtor MOVES the court for an order so fixing the value of the collateral.  If the collateral is to be sold, the value shall be the sales price.**

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for personal property secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid pre-confirmation.  If the debtor fails to make a monthly payment sufficient to pay the adequate protection payments in full, the trustee will disburse the funds pro rata according to the monthly payments proposed for those creditors.  Adequate protection payments paid through the trustee pre-confirmation will be deducted from the amount of the allowed claim.  Unless the concerned creditor is fully secured or oversecured for purposes of §506 or §1325(a)(9), no interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) Attorney Compensation: ~~Original~~ APPROVED attorney fees and expenses are $_____; of which $_____ remains unpaid.  Said amount is to be paid either:    From all available funds after pt. 2(b) payments are made; or    Other -

(5) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state <u>creditor</u> NAME followed by DESCRIPTION of collateral to be surrendered):

(c) Third, pro rata until fully paid, allowed unsecured domestic support obligations.
(d) Fourth, allowed administrative expenses under §507(a)(2).
(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), including §1305 claims, unless otherwise ordered.
(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1).  These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**].  The terms of pt. 8 shall also apply.
  (1) The creditors will receive approximately _____% of their claims.  Payment of any dividend will depend upon secured claims at the time of confirmation, the total amount of allowed claims, and the costs of administration, including all allowed attorneys' fees of the debtor.
  (2) The creditors will receive a minimum _____% of their claims.  This percentage will not be reduced despite the amount

  of total creditors' claims filed.

 (g) [Not Applicable if NA inserted in the blank] Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $_____, and not less than that amount shall be distributed to unsecured creditors.

 (h) [Not Applicable if NA is inserted in the blank] Pursuant to §1325(a)(4), all allowed unsecured claims shall receive interest of _____% from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

   Creditor        Amount of Default [State if None]   Cure Provisions

   Those executory contracts or leases not specifically mentioned above are treated as rejected.  Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f).  The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure.  The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such secured creditor(s) in an additional pt. at the end of this plan:

5. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6. (a) The debtor MOVES, pursuant to §522(f)(1)(A), to avoid the judicial liens of the following creditors because they impair an exemption(s) of the debtor:

   (b) The debtor MOVES, pursuant to §522(f)(1)(B), to avoid the non-purchase money security interests of the following creditors because they impair an exemption(s) of the debtor:

   Absent objection from a creditor, filed prior to the first date set for the confirmation hearing on this plan, the order of confirmation will avoid its lien and its claim will be treated in pt. 2(f).

7. Except as otherwise provided herein, postpetition interest on all unsecured claims is disallowed.  Interest continues to accrue on debts that are excepted from discharge.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The approximate length of the plan is _____ months; cause to extend longer than 36 months is as follows:

   Except as otherwise explicitly provided by pt. _____, Debtor(s) shall make plan payments for 36 months, unless the debtor(s) pays 100% of all allowed claims with appropriate interest,except the plan payments shall continue for more than 36 months to the extent (1) the plan proposes a longer period, not to exceed 60 months, as necessary to complete required payments to creditors, or (2) §1322(d)/1325(b) requires plan payments for a longer period.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

10. Debtor(s) certifies that all postpetition domestic support obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing.

11. Debtor(s) further certifies that the petition was filed in good faith, and this plan was proposed in good faith and not by any means forbidden by law.

_____      _____
                          DEBTOR                                                     DEBTOR

**IN ORDER TO ASSURE PROPER SERVICE ON ALL CREDITORS LISTED IN pts. 2(b)(1), 2(b)(2) OR 6 OF THE PLAN pursuant to FRBPs 3012, 4003(d), 9014 and 7004: (a) I LISTED ON THE MAILING MATRIX such creditors, other than insured depository institutions, in care of a person or entity authorized to be served; AND (b) I SERVED VIA CERTIFIED MAIL, ON _____, COPIES OF THIS PLAN ON any insured depository institution(s) affected by pts. 2(b)(1), 2(b)(2), or 6 of the Plan [FRBP 7004(h)]; AND (c) THE FOLLOWING LIST SEPARATELY IDENTIFIES all such creditors served via matrix listing and such creditors served via certified mail INCLUDING the names AND addresses of ALL such creditors served (NOTE:  With respect to creditors served via matrix listing, the list of names and addresses IS IDENTICAL to that included in the matrix):**

_____




_____




                                                                                                _____
                                                                                                       DEBTOR OR DEBTOR'S ATTORNEY

**United States Bankruptcy Court**
**Western District of Virginia**

**IN RE:**                                                                                           Case No. **13-34730-tmb13**

**Alvarez, Eduardo & Dilorenzo, Anna**                                                               Chapter **13**
                              Debtor(s)

## AMENDED SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 256,718.00 | | |
| B - Personal Property | Yes | 3 | $ 24,768.95 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | $ 351,269.77 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 8,054.55 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $ 99,938.19 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 5,966.85 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 5,641.58 |
| TOTAL | | 21 | $ 281,486.95 | $ 459,262.51 | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Western District of Virginia**

**IN RE:**  Case No. **13-34730-tmb13**

**Alvarez, Eduardo & Dilorenzo, Anna**   Chapter **13**
Debtor(s)

## AMENDED STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 8,054.55 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| **TOTAL** | $ | **8,054.55** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 5,966.85 |
| Average Expenses (from Schedule J, Line 18) | $ | 5,641.58 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | 9,859.36 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | 89,832.90 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | 8,054.55 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 99,938.19 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 189,771.09 |

IN RE **Alvarez, Eduardo & Dilorenzo, Anna**                                             Case No. **13-34730-tmb13**
                                    Debtor(s)                                                                          (If known)

# AMENDED SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Personal Residence<br>991 SW Red Hills Dr.<br>Dundee, OR 97115** | | J | 256,718.00 | 346,550.90 |
| | | TOTAL | 256,718.00 | |

(Report also on Summary of Schedules)

IN RE **Alvarez, Eduardo & Dilorenzo, Anna** _____  Case No. **13-34730-tmb13** _____
                           Debtor(s)                                                                                                  (If known)

## AMENDED SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | **Cash on Hand** | J | 5.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **US Bank Checking Account (8791)** | H | 2,377.77 |
| | | **Wells Fargo Checking Account (5101)** | J | 95.18 |
| | | **Wells Fargo Savings Account (2114)** (grandmother's bank account only - debtors have no interest in funds) (value: $19.49) | J | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **Household Goods, Furniture & Computer Equipment** | J | 4,300.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books, Pictures & Home Decor** | J | 1,000.00 |
| 6. Wearing apparel. | | **Clothing & Shoes** | J | 400.00 |
| 7. Furs and jewelry. | | **Jewelry** | J | 1,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Beretta Pistol 45** | J | 400.00 |
| | | **Bikes & Kayaks** | J | 350.00 |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance Policy** (no cash value) | J | 0.00 |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Alvarez, Eduardo & Dilorenzo, Anna** / Debtor(s)  Case No. **13-34730-tmb13** (If known)

# AMENDED SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Possible Future EIC Tax Income** | **J** | **unknown** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2001 BMW 325I Sedan (202,700 Miles)** | **J** | **1,856.00** |
| | | **2005 Chevy Silverado 2500 HD Crew Cab (147,500 Miles)** | **J** | **6,845.00** |
| | | **2009 Moto Guzzi V7 MC Classic (3,412 miles)** | **J** | **5,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Alvarez, Eduardo & Dilorenzo, Anna _____   Case No. **13-34730-tmb13**
                                  Debtor(s)                                                                        (If known)

# AMENDED SCHEDULE B - PERSONAL PROPERTY
**(Continuation Sheet)**

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | | **(1) Bird** | **J** | **10.00** |
| | | **(1) Dog** | **J** | **10.00** |
| | | **(1) Domestic Cat (no cash value)** | **J** | **0.00** |
| | | **(7) Chickens** | **J** | **20.00** |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Air Compressor, Hand tools, Lawn Mower, Trimmer, Blower** | **J** | **600.00** |
| | | | **TOTAL** | **24,768.95** |

_____ **0** continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

IN RE **Alvarez, Eduardo & Dilorenzo, Anna**                                    Case No. **13-34730-tmb13**
　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　(If known)

# AMENDED SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Son**<br>**Daughter** | AGE(S):<br>**11**<br>**8 mths** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation<br>Name of Employer<br>How long employed<br>Address of Employer | **Accounts Payable**<br>**World Class Tech**<br>**7 years and 4 months**<br>**1300 NE Alpha Dr.**<br>**McMinnville, OR  97128-0000** | **Homemaker**<br>**5 months** |

**INCOME:** (Estimate of average or projected monthly income at time case filed)　　　　　DEBTOR　　　SPOUSE

1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly)　$ **7,791.66**　$ _____
2. Estimated monthly overtime　$ _____　$ _____
3. **SUBTOTAL**　$ **7,791.66**　$ **0.00**
4. LESS PAYROLL DEDUCTIONS
   a. Payroll taxes and Social Security　$ **1,720.83**　$ _____
   b. Insurance　$ **103.98**　$ _____
   c. Union dues　$ _____　$ _____
   d. Other (specify) _____　$ _____　$ _____
   _____　$ _____　$ _____
5. **SUBTOTAL OF PAYROLL DEDUCTIONS**　$ **1,824.81**　$ **0.00**
6. **TOTAL NET MONTHLY TAKE HOME PAY**　$ **5,966.85**　$ **0.00**
7. Regular income from operation of business or profession or farm (attach detailed statement)　$ _____　$ _____
8. Income from real property　$ _____　$ _____
9. Interest and dividends　$ _____　$ _____
10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above　$ _____　$ _____
11. Social Security or other government assistance
    (Specify) _____　$ _____　$ _____
    _____　$ _____　$ _____
12. Pension or retirement income　$ _____　$ _____
13. Other monthly income
    (Specify) _____　$ _____　$ _____
    _____　$ _____　$ _____
    _____　$ _____　$ _____
14. **SUBTOTAL OF LINES 7 THROUGH 13**　$ _____　$ _____
15. **AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14)　$ **5,966.85**　$ **0.00**

16. **COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)　　　$ **5,966.85**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

IN RE **Alvarez, Eduardo & Dilorenzo, Anna**                           Case No. **13-34730-tmb13**
                               Debtor(s)                                                         (If known)

## AMENDED SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 2,213.00 |
|    a. Are real estate taxes included?  Yes ✓  No ___ | | |
|    b. Is property insurance included?  Yes ✓  No ___ | | |
| 2. Utilities: | | |
|    a. Electricity and heating fuel | | $ 211.00 |
|    b. Water and sewer | | $ 198.00 |
|    c. Telephone | | $ 60.00 |
|    d. Other **See Schedule Attached** | | $ 145.00 |
| | | $ |
| 3. Home maintenance (repairs and upkeep) | | $ 125.00 |
| 4. Food | | $ 875.00 |
| 5. Clothing | | $ 250.00 |
| 6. Laundry and dry cleaning | | $ 125.00 |
| 7. Medical and dental expenses | | $ 200.00 |
| 8. Transportation (not including car payments) | | $ 475.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 125.00 |
| 10. Charitable contributions | | $ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | | $ |
|    b. Life | | $ 51.58 |
|    c. Health | | $ |
|    d. Auto | | $ 138.00 |
|    e. Other _____ | | $ |
| | | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) _____ | | $ |
| | | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | | $ |
|    b. Other _____ | | $ |
| | | $ |
| 14. Alimony, maintenance, and support paid to others | | $ |
| 15. Payments for support of additional dependents not living at your home | | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ |
| 17. Other **See Schedule Attached** | | $ 450.00 |
| | | $ |
| | | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.    $ **5,641.58**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**
   a. Average monthly income from Line 15 of Schedule I                                         $ 5,966.85
   b. Average monthly expenses from Line 18 above                                                 $ 5,641.58
   c. Monthly net income (a. minus b.)                                                                        $ 325.27

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Alvarez, Eduardo & Dilorenzo, Anna                                              Case No. **13-34730-tmb13**
                                    Debtor(s)

# AMENDED SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
**Continuation Sheet - Page 1 of 1**

Other Utilities (DEBTOR)
| | |
|---|---:|
| **Garbage** | **25.00** |
| **Cable** | **60.00** |
| **Internet** | **60.00** |

Other Expenses (DEBTOR)
| | |
|---|---:|
| **School Activities** | **100.00** |
| **Household Supplies** | **125.00** |
| **Pet/Veterinary Expenses** | **100.00** |
| **Misc. Personal** | **125.00** |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Alvarez, Eduardo & Dilorenzo, Anna**                                                   Case No. **13-34730-tmb13**
                           Debtor(s)                                                                                              (If known)

# AMENDED DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **23** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **November 22, 2013**       Signature: **/s/ Eduardo Alvarez**
                                                              **Eduardo Alvarez**                                                   Debtor

Date: **November 22, 2013**       Signature: **/s/ Anna Dilorenzo**
                                                              **Anna Dilorenzo**                                            (Joint Debtor, if any)
                                                                                                              [If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____                    _____
Signature of Bankruptcy Petition Preparer                                              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____    Signature: _____

                                                             _____
                                                             (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only